JAMES RALPH WHITTEMORE, SR.,

        Plaintiff,

  v.

                              Case No. 24-cv-143-pp

MARTIN J. O'MALLEY,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 6) AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADD EXHIBITS (DKT. NO. 8)**

        On February 1, 2024, the plaintiff, representing himself, filed a Social Security appeal. Dkt. No. 1. On February 5, 2024, the court set a briefing schedule. Dkt. No. 4. A little over a month later, on March 19, 2024, the defendant filed a motion to dismiss the appeal for failure to state a claim because it appeared that the plaintiff was challenging a fully favorable decision. Dkt. No. 6. The plaintiff also filed a "motion to add exhibits." Dkt. No. 8. While the motion to dismiss was pending, the plaintiff filed his brief in support of his appeal. Dkt. No. 9. The defendant filed a brief in opposition, dkt. no. 10, and the plaintiff filed a reply brief, dkt. no. 11. The court scheduled a hearing for October 10, 2024. Dkt. No. 12.

        The court since has reviewed in more detail the plaintiff's appeal and the defendant's motion. The court will grant the defendant's motion to dismiss,

1

deny as moot the plaintiff's motion to add exhibits and remove the October 10, 2024 hearing from the hearing calendar.

**I.     Background**

The plaintiff's complaint—which he prepared using this court's form complaint—is not complete. The plaintiff left blank the "Statement of Claim" section of the complaint (Part III, A), which asked him to identify the type of benefits that are at issue and the unfavorable final decision for which he seeks review. Dkt. No. 1 at 2–3. He did not provide the date of the decision from the administrative law judge (although he attached a copy of the ALJ's decision dated May 22, 2020, dkt. no. 1-1 at 3-10). In the section of the complaint that asked him to provide additional facts, the plaintiff wrote:

> Notice to show good cause was sent within 30 days of Nov 21, 2023 as sent certified and signed for Dec 11th 2023, also as request for review on March 15, 2023 form 520 and information in Jan 9th 2024 order of said (March 15 2023) was not found until Congress inquiry into SSA about Review and alleged on set date in favorable and unfavorable cases.

Id. at 3.

Looking at the exhibits the plaintiff attached to the complaint, it appears that there are two decisions the plaintiff could be trying to appeal. On June 14, 2017, administrative law judge Joseph R. Doyle issued an unfavorable decision, finding that the petitioner was not disabled based on the benefits application he'd filed on September 18, 2014. Id. at 14–39. ALJ Doyle's decision stated that the plaintiff had filed a Title II application, "alleging a disability beginning July 22, 2014." Id. at 17. He recounted that the claim was initially denied on January 8, 2015, and denied on reconsideration on May 6,

2

2015; there was a hearing on April 21, 2017, and the plaintiff (through his lawyer) amended the alleged onset date to March 1, 2015. Id.

Almost three years later, on May 22, 2020, administrative law judge Peter Kafkas issued "fully favorable" decision, finding, based on the benefits application the plaintiff filed on June 22, 2018, that the plaintiff has been disabled since January 1, 2019. Dkt. No. 1-1 at 3–10.[1] The decision reflects that the plaintiff had amended the alleged onset date to January 1, 2019. Dkt. No. 6-1 at 4.

The plaintiff also attached an order of the appeals council which stated that on March 15, 2023, the plaintiff had filed a request for review of the May 2020 fully favorable decision, which the appeals council found was untimely. Id. at 1–2. The appeals council explained that the law required the plaintiff to file his request for review within sixty days from the date on which he received notice of ALJ Kafkas's May 22, 2020 decision (the appeals council received the request almost *three years* after Kafkas's decision). Id. at 1. It explained that on November 21, 2023, it had mailed the plaintiff a notice requiring him to show good cause for the late filing, but that thirty days had passed since that notice had been filed and the plaintiff hadn't responded. Id. For that reason, the appeals council dismissed the plaintiff's request for review and held that Kafkas's decision stood as final. Id.

---

[1] The favorable decision seems to be missing two pages. See id. at 4–5 (decision skipping from notification "Page 2 of 3" to ALJ decision "Page 2 of 7").

**II. The Parties' Arguments Regarding the Motion to Dismiss**

The defendant moved to dismiss the appeal for failure to state a claim. Dkt. No. 6 at 1. The defendant observes that one cannot tell from reading the appeal what relief the plaintiff seeks. Id. at 3–4. He speculates that that the plaintiff *appears* to be challenging the May 22, 2020 fully favorable decision. Id. at 3. Because the plaintiff was "awarded benefits for the entire period he alleged he was disabled," the defendant argues that the plaintiff has no claim for further relief. Id. The defendant attached to his motion to dismiss the complete May 22, 2020 fully favorable decision, which held that the plaintiff's disability onset date was January 1, 2019.[2] Dkt. No. 6-1 at 4.

The plaintiff concedes that he didn't check a box on his complaint or provide the name of the ALJ. Dkt. No. 7 at 1. He disputes the defendant's assertion that he is contesting a favorable decision, asking "[w]ho is going to contest a favorable decision?" Id. The plaintiff goes on to explain that when he received the November 21, 2023 notice requiring him to show cause and telling him he had thirty days to respond, he "put together a packet of information" and sent it by certified mail to the address on the letter. Id. at 2. He says he has a receipt showing that someone signed for that packet on December 11, 2023. Id. He asserts that the appeals council's statement that he didn't respond within thirty days "is down right lie," and he says it is similar to the

---

[2] The court can consider documents attached to a motion to dismiss without converting it to a summary judgment motion "if they are referred to in the plaintiff's complaint and are central to his claim." Wright v. Assoc. Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir. 1994). The court will consider the missing pages of the May 2020 decision because it is "central" to the plaintiff's claim.

4

circumstances surrounding his March 15, 2023 request for review, "which it took congressional inquiry to find out what was going on . . . ." Id. The plaintiff says that the time it has taken for his mail to get from one place to another is "very sneaky." Id. He asserts that the "real question is SSA definition of Disability," then quotes from what was written on the *unfavorable* decision paperwork. Id. The plaintiff says that although that language is from one federal agency, there is "another Federal agency" which found that "the evidence demonstrates that the veteran's service connected psychiatric disorder has rendered him unable to secure or follow a substantially gainful occupation as of July 22, 2014." Id. at 3. The plaintiff asserts that the finding of this other federal agency was "before the alleged onset date in the unfavorable decision," and he says that he explained "most of this" in the packets that he sent. Id.

The plaintiff says that what made him want to reopen the case "was that had few more decisions that came down from Board of Veterans Appeals which put [him] at 100% combined rating with Special Monthly Compensation, which went back to date of Feb 2015, whereas if [he] had these decisions would have given [him] expedited case and would have added more weight in SSDI case." Id. He says that it isn't his fault that the "systems are so back logged," and questions the timeline to which he is held when it took him five to eight years to "get through appeals." Id. He says he hopes that "this is not a scheme as to where two Federal agencies that can communicate between each other try to play a situation of time and cohesion to deny any veteran that applies for said, and meets said, under Code of Federal Regulations." Id.

5

The plaintiff asks the court not to dismiss his appeal. Id. at 4. He asserts that this is "just another attempt not to look at the overturning of unfavorable case, where the evidence speaks for itself and was ignore through what was sent by certified mail twice . . . ." Id. He says that the relief he seeks "is about the alleged on set date;" he says that the "unfavorable decision . . . by definition should be overturned," and that "the relief sought should be from March 2015, alleged on set date, to January 2019 where alleged on set date started in SSDI benefits, where the evidence clearly shows disability before March 2015." Id.

The same day the court received the plaintiff's opposition brief, it received from the plaintiff a two-page "Motion to add plaintiffs exhibits." Dkt. No. 8. The exhibits contain correspondence from the Department of Veterans Affairs (VA) regarding the disability benefits the plaintiff receives from the VA. Dkt. No. 8-1 at 6–34. The exhibits also contain communication between the plaintiff and his congressperson which appear to request the congressperson's assistance in reopening the fully favorable decision. Id. at 37–116, 122–25. The plaintiff also included one page of the November 21, 2023 letter informing him that his request for review of the May 2020 fully favorable decision was filed too late. Id. at 117–18.

The plaintiff did not explain whether he wanted to add these exhibits to his brief in opposition to the motion to dismiss (which, as the court explained, it received on the same day it received the exhibits) or to his brief in support of his appeal (his merits brief, which the court received almost a month later). His

brief in opposition to the motion to dismiss does not mention these exhibits, but his brief in support of his appeal *does* mention them, so the court will construe this as a motion to add the exhibits to his brief in support of his appeal (his brief on the merits).

II.   **Analysis**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which relief can be granted. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011).

In its current form, the plaintiff's appeal—his "complaint"—does not state a claim upon which relief can be granted. It does not include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "Statement of Claim" section does not explain the type of benefits

7

the plaintiff seeks or which decision he is appealing. At the very least, the court and the Commissioner need to know those things.

The plaintiff's brief in opposition to the Commissioner's motion to dismiss provided more information, but it is not sufficient for a plaintiff to state his claim in a *brief*. The whole purpose of a Social Security "complaint" is to give the opposing party notice of the claim that party must defend against, and the relief that the filing party seeks. Stanard, 658 F.3d at 799 ("To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him."); Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 649 n.5 (7th Cir. 1997) ("[A] district court may dismiss a complaint for failure to comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").

The court understands that the plaintiff is not a lawyer and is representing himself. But the law requires even self-represented plaintiffs to comply with procedural rules. "Although district courts should construe pro se complaints liberally, pro se litigants are not excused from compliance with procedural rules." Brooks v. Complete Warehouse & Distribution LLC, 708 F. App'x 282, 285 (7th Cir. 2017) (affirming dismissal of third amended complaint for failure to comply with Federal Rules 8 and 10 and E.D. Wisconsin Local Rule 10).

Because the complaint the plaintiff filed does not give the Commissioner clear notice of the types of benefits the plaintiff seeks or the decision he is challenging, the court must grant the defendant's motion to dismiss. But the court will grant that motion "without prejudice," which means that the plaintiff may file an amended complaint that makes clear the type of benefits he seeks and which decision—or which part of which decision—the plaintiff is appealing. If the plaintiff chooses to amend his complaint, however, he may wish to be aware of the following:

It appears from the plaintiff's brief in opposition to the motion to dismiss that he believes that ALJ Kafkas should have used the March 1, 2015 disability onset date from the first case, rather than the January 1, 2019 disability onset date Kafkas did use. The plaintiff should be aware that Kafkas's decision says that the *plaintiff* amended his disability onset date to January 1, 2019. If the plaintiff asked for that disability onset date, the fact that Kafkas found him disabled as of that date would not be Kafkas's error.

It also appears from the plaintiff's brief he believes that if the Veteran's Administration found him disabled as of a certain date, the Social Security Administration must do so, as well; he appears to believe that the two agencies are able to communicate with each other. The plaintiff should be aware that each federal agency has its own disability standards. They are not all the same. The U.S. Postal Service or the Veteran's Administration may find someone disabled, but that same person may not qualify as disabled under the Social Security Administration's statutes and regulations.

9

Because the court is not reaching the merits of the plaintiff's complaint, the court will deny as moot the plaintiff's motion to add exhibits to his merits briefing. If he chooses to amend his complaint, and there is future merits briefing, he may renew his motion then.

### III. Conclusion

The court **GRANTS** the defendant's motion to dismiss the complaint. Dkt. No. 6. The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **DENIES AS MOOT** the plaintiff's motion to add exhibits. Dkt. No. 8.

The court **ORDERS** that the October 10, 2024 hearing is **REMOVED** from the court's calendar.

The court **ORDERS** that the plaintiff may file an amended complaint. If the plaintiff chooses to file an amended complaint, he must file it in time for the court to *receive it* by the end of the day on **November 8, 2024**. If the court does not receive an amended complaint by the end of the day on November 8, 2024, the court will dismiss the case for failure to state a claim without further notice or hearing.

Dated in Milwaukee, Wisconsin this 2nd day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**